**Ahmed SHEHAB, Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Bridge Inspection Unit, Defendant–Appellee.**

No. 06–2854–cv.

United States Court of Appeals, Second Circuit.

Sept. 6, 2007.

Ahmed Shehab, NY, pro se.

Patrick J. Walsh, Assistant Solicitor General (Michael S. Belohlavek, of counsel), for Andrew M. Cuomo, Attorney General of the State of New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ahmed Shehab appeals from an order of the District Court for the Southern District of New York (Kaplan, *J.*), granting summary judgment in favor of the New York State Department of Transportation (the "Department") and dismissing his complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court found that the Department was not Shehab's employer for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). We exercise *de novo* review on this question of law, *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 580 (2d Cir.2006), and agree with the district court.

"[T]he existence of an employer-employee relationship is a primary element of Title VII claims." *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir.2006). In "analyzing employment relationships under Title VII," we look to

> the hiring party's right to control the manner and means by which the product is accomplished .... [;] the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* at 371–72 (quoting *Cmty. for Creative Non–Violence v. Reid*, 490 U.S. 730, 751–

52, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)). The undisputed facts are that the Department played no role in the selection of Shehab, nor did it exert control over the manner and means by which Shehab performed his duties during his tenure at Chas H. Sells, Inc. ("Sells"). The only alleged involvement of the Department in Shehab's employment appears to have been its review of his eligibility for the training program. This is insufficient to establish an employment relationship: "interference" with employment is "irrelevant if the [Department] does not satisfy the common-law agency test for employer liability." *Id.* at 379 n. 21. And to whatever extent the Department did interfere with the relationship between Shehab and Sells, Sells could have chosen to maintain Shehab as an employee by paying him with funds other than those conveyed by the Department.

Shehab also argues that the district court should have considered two theories of indirect employer liability; even were these theories available, neither is availing. Regarding the first, "joint employer" liability, the Department and Sells lacked interrelated operations, centralized control of labor relations, common management, or common ownership or financial control. *See id.* at 378. Regarding the second, the "instrumentality" theory, the Department was in no way an agent of Sells. *See id.* at 379.

We have considered Shehab's remaining claims and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**